IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEVERLY R. MAYS GILLON,          )
                                 )
              *Plaintiff*,       )
                                 )   No. 17 CV 4482
       v.                        )
                                 )   Hon. Amy J. St. Eve
BOARD OF TRUSTEES OF THE         )
UNIVERISTY OF ILLINOIS and       )
DIANE OIKLE, individually,       )
                                 )
              *Defendants*.      )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Beverly R. Mays Gillon ("Plaintiff" or "Gillon") brings this action against Defendants Board of Trustees of the University of Illinois (the "Board") and Diane Oikle, individually, ("Oikle," and collectively with the Board, "Defendants") alleging employment discrimination based on her race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. §§ 1981/1983. (R. 21 at ¶ 1.) Specifically, Gillon brings Title VII and §§ 1981/1983 claims against the Board, and a §§ 1981/1983 claim against Oikle. Before the Court is Defendants' motion to dismiss all three counts of Plaintiff's First Amended Complaint ("Amended Complaint").[1] (R. 24.) For the following reasons, the Court grants Defendants' motion to dismiss without prejudice in part and with prejudice in part, and grants Plaintiff leave to amend her complaint consistent with this Opinion.

---

[1] In her response to Defendants' motion to dismiss, Plaintiff states factual allegations that do not appear in her Amended Complaint and references factual allegations she made in her "*pro se* [original] complaint." (R. 34 at 4-5.) Gillon's Amended Complaint supersedes her original complaint and the Court here only reviews her Amended Complaint. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling.").

# BACKGROUND[2]

Plaintiff Gillon is an African-American woman who resides in Illinois. (R. 21 at ¶ 1-2.) Defendant Board "is the governing body of the University of Illinois system." (*Id*. at ¶ 3.) Defendant Oikle "at all relevant times was the Assistant Director of [the] Gastroenterology Lab for the University of Illinois Health and Science Systems a/k/a University of Illinois at Chicago Hospital." (*Id*. at ¶ 4.)

According to Plaintiff, the Board employed her from 1993 to the present in various positions as a nurse at the University of Illinois at Chicago. (*Id*. at ¶ 10-12.) Gillon alleges that in the spring of 2016, "Defendants began to exclude Gillon from Charge Nurse duties and rotation[,] and excluded her from training. As a result, Gillon suffered a loss in pay and promotional opportunities." (*Id*. at ¶ 13.) Specifically, "Oikle made the decision to remove Gillon from Charge Nurse duties and rotation[,] and to exclude her from training." (*Id*. at ¶ 4.)

Plaintiff claims that at all times material to this action, Defendants gave her "performance evaluations of satisfactory or better," "took no disciplinary action against" her, and provided "no valid criticism of her work." (*Id*. at ¶ 14, 16.) Further, Gillon "was qualified to perform the duties of Charge Nurse." (*Id*. at ¶ 15.)

Gillon also alleges that "Defendant Board has a policy, practice or custom of demoting and/or taking adverse employment[] actions against African-American nurses….[which] was established with deliberate indifference….[and] was the cause of the wrong suffered by Gillon." (*Id*. at ¶ 21-23.) As to Oikle, Gillon states that "Defendant Oikle was personally responsible for the deprivation of Gillon's constitutional rights guaranteed under 42 U.S.C. §1981 by directing

---

[2] The following facts are taken from Plaintiff's Amended Complaint and are accepted as true, and all reasonable inferences are drawn in Plaintiff's favor. *Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016); *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013).

or causing the constitutional violation." (*Id*. at ¶ 25.) Plaintiff makes no other factual allegations in support of her statements or regarding Defendants' alleged wrongful conduct on account of her race.

In December 2016, Gillon filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (R. 21 at ¶ 5.) In March 2017, Gillon received a right to sue letter from the EEOC. (*Id*. at ¶ 6.) Gillon filed this lawsuit in June 2017, alleging three counts: Count I, "demotion and/or adverse employment action in violation of Title VII against Defendant Board;" Count II, "prohibited discrimination under 42 U.S.C. § 1983 regarding Defendant Board;" and Count III, "prohibited discrimination under 42 U.S.C. § 1983 regarding Defendant Oikle in her individual capacity." (R. 1.) Gillon seeks a permanent injunction, compensatory damages, punitive damages, and attorney's fees and costs. (*Id*.) Before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint. (R. 24.)

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (referencing Fed. R. Civ. P. 12(b)(6)); *see also Hill v. Serv. Emp. Int'l Union*, 850 F.3d 861, 863 (7th Cir. 2017). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

3

to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

When determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016); *Mann v. Vogel,* 707 F.3d 872, 877 (7th Cir. 2013). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; *see also Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir. 2014). Pleadings do not require "detailed factual allegations," but they do demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 662 at 678. "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." *Camasta*, 761 F.3d 732 at 739 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

Defendants move to dismiss all three counts of Plaintiff's Amended Complaint pursuant to Federal Rule 12(b)(6). (R. 24.) Defendants argue that Gillon's Amended Complaint "simply alleges, without support, that Plaintiff was discriminated against due to her race." (*Id*. at 1.) They urge the Court to dismiss Gillon's complaint because she has not suffered an adverse employment action and has in general failed to state a claim for discrimination. (*Id*. at 3-7.) Further, they claim the Court should dismiss the claim against the Board and Oikle because of Eleventh Amendment sovereign immunity. (*Id*. at 7-10.)

### I. Count I: Alleged Violation of Title VII by Defendant Board

Plaintiff alleges a violation of Title VII by the Board in Count I. Because Congress has validly abrogated state sovereign immunity with respect to Title VII, a plaintiff may recover

4

damages against a state and its agencies under Title VII.  *See Nanda v. Bd. of Trs. of Univ. of Ill.*, 303 F.3d 817, 830–31 (7th Cir. 2002).  To state a claim for discrimination on the basis of race, Plaintiff must show that the Board subjected her to discrimination based on race.  Specifically, Gillon must set out factual allegations that show: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for the applicable positions; (3) [s]he suffered an adverse employment action; and (4) similarly-situated persons not in the protected class were treated more favorably." *Martino v. W. & S. Fin. Grp.*, 715 F.3d 195, 202 (7th Cir. 2013) (citing *McGowan v. Deere & Co.*, 581 F.3d 575, 579 (7th Cir. 2009)).  Gillon "need not plead a *prima facie* case because it is an evidentiary standard, not a pleading requirement."  *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002); *see Luevano v. Wal–Mart Stores, Inc*., 722 F.3d 1014, 1028 (7th Cir. 2013).

### A. Adverse Employment Action

Defendants first argue that Plaintiff has not suffered any damages and has failed to allege an adverse employment action.  In *Herrnreiter v. Chicago Hous. Auth*., 315 F.3d 742 (7th Cir. 2002), the Seventh Circuit set forth three categories of cases whose facts meet the materially adverse employment action criterion:

> (1) diminishing an "employee's compensation, fringe benefits, or other financial terms of employment," including termination; (2) reducing long-term career prospects "by preventing [her] from using the skills in which [she] is trained and experienced, so that the skills are likely to atrophy and [her] career is likely to be stunted"; and (3) changing "the *conditions* in which [she] works…in a way that subjects [her] to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in [her] workplace environment."

*Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017) (emphasis in original) (quoting *Herrnreiter*, 315 F.3d at 744).

Here, Defendants have not terminated or disciplined Gillon.  Plaintiff alleges, however, that she was demoted, that she "suffered a loss in pay and promotional opportunities," and also

5

that she was excluded from Charge Nurse duties and from training. (R. 21 at ¶ 13.) Plaintiff argues that her pleadings qualify as an adverse employment action under category 1 or 2. (R. 34 at 6.) The determination of whether these actions are adverse employment actions must be made in the full context of the case. *de la Rama v. Ill. Dep't of Human Servs*., 541 F.3d 681, 686 (7th Cir. 2008). It is plausible that not being assigned Charge Nurse duties and being excluded from training resulted in a loss of pay and promotional opportunities, and thereby constituted an adverse employment action. As such, Plaintiff has alleged an adverse employment action.

### B. Plaintiff Has Not Pled a Race Discrimination Claim

While Plaintiff alleges that she is African-American, that she was qualified as a nurse, and that she suffered an adverse employment action, she fails to allege how the Board subjected her to discrimination based on race. Gillon does not allege a single fact in support of her claim and therefore she fails to "nudge" her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Plaintiff merely alleges that "Defendant Board has a policy, practice or custom of demoting and/or taking adverse employment[] actions against African-American nurses….[which] was established with deliberate indifference….[and] was the cause of the wrong suffered by Gillon." (R. 21 at ¶ 21-23.) Plaintiff does not provide any facts to support these conclusory statements.

The Court does not require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotations and citations removed). That is precisely what Gillon has delivered in her Amended Complaint. She has failed to provide "enough details

about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Accepting all facts as true and drawing all reasonable inferences in her favor, the Court dismisses without prejudice Count I, Plaintiff's Title VII claim against Defendant Board.

**II.     Count II: Alleged Violation of 42 U.S.C. §§ 1981/1983 by Defendant Board**

Plaintiff attempts to bring §§ 1981/1983 claims against the Board in Count II. Defendant correctly argues that Eleventh Amendment immunity bars such claims against the Board because it is a part of the state. Indeed, unlike Title VII, a plaintiff cannot sue state entities for damages under §§ 1981/1983. *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) ("[A] state is not a 'person' subject to a damages action under § 1983."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."); *Rucker v. Higher Educ. Aids Bd.*, 669 F.2d 1179, 1184 (7th Cir. 1982) (holding that states are entitled to sovereign immunity for § 1981 claims).

Courts have routinely recognized that state universities, as well as their governing bodies, are protected from suit under the Eleventh Amendment. *Mutter v. Madigan*, 17 F. Supp. 3d 752, 757 (N.D. Ill. 2014) (finding that the Eleventh Amendment barred claims against University of Illinois at Chicago and dismissing that entity as a defendant), *aff'd as modified sub nom. Mutter v. Rodriguez*, 700 F. App'x 528 (7th Cir. 2017)). *See, e.g.*, *Kaimowitz v. Bd. of Trs. of Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991) (holding that the Board of Trustees of the University of Illinois does "not constitute a suable 'person[]' within the meaning of § 1983."); *Cannon v. Univ. of Health Scis./Chi. Med. Sch.*, 710 F.2d 351, 356 (7th Cir. 1983) (holding that Southern Illinois University and the Board of Trustees of the University of Illinois are state agencies with Eleventh Amendment immunity). "[G]iven the great number of cases holding state universities

7

to be instrumentalities of the state for Eleventh Amendment purposes, it would be an unusual state university that would not receive immunity." *Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir. 1987).

Because the University of Illinois is a state agency, it is shielded from liability under §§ 1981/1983 by the Eleventh Amendment. The Eleventh Amendment specifically "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Council 31 of the Am. Fed'n of State, Cty. & Mun. Emps. v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012); *see Mutter*, 17 F. Supp. 3d at 757–58.

Additionally, Gillon's claim in Count II is a *Monell* policy claim. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658 (1978). It is well established, however, that *Monell* applies only to municipalities, not states. *See Will*, 491 U.S. at 70 ("States are protected by the Eleventh Amendment while municipalities are not…and we consequently limited our holding in *Monell* to local government units which are not considered part of the State for Eleventh Amendment purposes."); *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748–49 (7th Cir. 2005) ("The Court has been clear, however, that *Monell*'s holding applies only to municipalities and not states or states' departments."). Because the Board is the arm of the state and not of any municipality, *Monell* does not apply. Accordingly, the Court dismisses with prejudice Count II, Plaintiff's §§ 1981/1983 claim against Defendant Board.

### III. Count III: Alleged Violation of 42 U.S.C. §§ 1981/1983 by Defendant Oikle Individually

Plaintiff brings a claim she titles "prohibited discrimination under 42 U.S.C. § 1983 regarding Defendant Oikle in her individual capacity" in Count III. Defendants argue that Oikle is immune from suit under §§ 1981/1983 because of the state's Eleventh Amendment sovereign

immunity, largely addressing a suit against Oikle in her official rather than in her individual capacity.

Unlike under Title VII, individual employees can be held liable for race discrimination under § 1981. *See Smith v. Bray*, 681 F.3d 888, 907 n. 2. (7th Cir. 2012) ("One key difference between § 1981 and Title VII is that the latter authorizes suit only against the employer as an entity rather than against individual people who are agents of the employer. Under § 1981, individuals may be liable."), *overruled on other grounds by Ortiz v. Werner Enters., Inc*., 834 F.3d 760 (7th Cir. 2016); *Lugo v. Int'l Bhd. of Elec. Workers Local #134*, 175 F. Supp. 3d 1026, 1039 (N.D. Ill. 2016) ("[A]s opposed to Title VII, individuals may be liable under § 1981."). Here, Plaintiff is bringing her race discrimination case against Defendant Oikle in her individual capacity and despite Defendants' arguments to the contrary, the Eleventh Amendment does not bar claims against state employees in their individual capacities. *See Brokaw v. Mercer Cty., Ill*., 235 F.3d 1000, 1009 (7th Cir. 2000) ("An individual capacity suit is not barred by the Eleventh Amendment."); *see also Rodriguez v. Cook Cty., Ill*., 664 F.3d 627, 632 (7th Cir. 2011) ("Individual-capacity claims against prosecutors are not covered by the [E]leventh [A]mendment.").

"The legal analysis for discrimination claims under Title VII and § 1981 is identical." *Ferrill v. Oak Creek-Franklin Joint Sch. Dist*., 860 F.3d 494, 499 (7th Cir. 2017) (citing *Smith v. Chi. Transit Auth.*, 806 F.3d 900, 904 (7th Cir. 2015)). As detailed above in the discussion of Count I, Gillon can allege a race discrimination claim by setting out factual allegations that show: (1) she is a member of a protected class; (2) she was qualified for the applicable position; (3) she suffered an adverse employment action; and (4) similarly-situated people outside the protected class received more favorable treatment. *See Martino*, 715 F.3d at 202.

9

Here, Plaintiff fails to plead that she was discriminated against based on her race. At the heart of her case is "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race…caused the…adverse employment action." *Ortiz*, 834 F.3d at 765. While the Court assumes as true that Gillion is African-American, was qualified as a nurse, and suffered an adverse employment action, Gillon has not pled facts showing that Oikle discriminated against her based on her race.

As with Count I, Plaintiff fails to allege enough factual support to state a racial discrimination claim. Gillon merely states that "Defendant Oikle was personally responsible for the deprivation of Gillon's constitutional rights guaranteed under 42 U.S.C. §1981 by directing or causing the constitutional violation." (R. 21 at ¶ 25.) "Determining whether a complaint states a plausible claim for relief…[is]…a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plaintiff provides no context for her bare conclusory statements.

Gillon's complaint, even under the lenient standard afforded at the Rule 12(b)(6) stage, does not satisfactorily allege Oikle's involvement in any violations under §§ 1981/1983. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quotations and citations omitted). Aside from a recitation of conclusory statements, Gillon does not allege a single fact in support of her claim that Oikle discriminated against Plaintiff due to her race. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id*. at 679.

As such, Plaintiff has not alleged a plausible race discrimination claim against Defendant Oikle.  The Court dismisses without prejudice Count III, Plaintiff's §§ 1981/1983 claims against Defendant Oikle individually.

**CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion to dismiss without prejudice in part and with prejudice in part.  Counts I and III are dismissed without prejudice.  Count II is dismissed with prejudice.

**Dated:** February 15, 2018  **ENTERED:**

_____
AMY J. ST. EVE
United States District Court Judge