IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY R. MAYS GILLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 4482 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS and | ) | |
| DIANE OIKLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Beverley R. Mays Gillon filed this suit against the Board of Trustees of the University of Illinois (the "Board") and her supervisor Diane Oikle (collectively "Defendants") for alleged employment discrimination based on her race in violation of Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1983. After her First Amended Complaint was dismissed by Judge St. Eve (Dkt. 42), Gillon filed a Second Amended Complaint. (Dkt. 43). Defendants again have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 45). After the Motion was fully briefed, the suit was reassigned to the undersigned judge. For the reasons set forth below, Defendants' Motion is denied.

## BACKGROUND

The following facts are alleged in Gillon's Second Amended Complaint and assumed to be true for purposes of Defendants' Motion to Dismiss. *See Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017). The Board is the "governing body of the University of Illinois System." (Dkt. 43) at ¶ 3. From 1993 to 2005, Gillon, an African American, was employed by the Board as a "Flex Nurse" though the Board's Nursing Resource Office. *Id.* at ¶ 10–11. In 2005, Gillon was hired to the permanent position of PICC Line Nurse Specialist. *Id.* at ¶ 11. In 2012,

1

Gillon became a Gastroenterology Nurse. *Id.* at ¶ 12. In this position, she worked under the supervision of Oikle, who was the Assistant Director of the Gastroenterology Lab at the University of Illinois at Chicago Hospital. *Id.* at ¶ 4. Gillon alleges that in the Spring of 2016, Defendants began to exclude Plaintiff from "Charge Nurse duties and rotation" and training opportunities, resulting in her loss of pay and promotional opportunities. *Id.* at ¶ 13. Specifically, Oikle made the decision to exclude Gillon from these activities. *Id.* at ¶ 4. Gillon alleges that she was the only nurse removed from Charge Nurse duties and that her removal was on account of her race, despite her adequate performance reports. *Id.* at ¶¶ 14–18. Along these same lines, Gillon alleges that "similarly situated non-African Americans were not excluded from Charge Nurse duties, rotation and training." *Id.* at ¶ 14. Gillon also alleges that she was demoted. *Id.* at ¶ 22. Gillon alleges few other facts.

In December 2016, Gillon filed a charge of discrimination with the Equal Employment Opportunity Commission, complaining that she had been removed from her Charge Nurse duties and rotation because of her race; in March 2017, she received a right to sue letter. (Dkt. 43-1). Gillon's Second Amended Complaint contains two counts: (1) a Title VII claim against the Board, and (2) a § 1983 claim against Oikle. (Dkt. 43). Gillon seeks $50,000 in compensatory damages, punitive damages, and a permanent injunction "requiring Defendant to abolish discrimination." *Id.* at 4, 5.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. For purposes of a motion to dismiss under Rule 12(b)(6), the Court "'accept[s] as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff.'" *Calderon-Ramirez*, 877 F.3d at 275 (quoting *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016)). To

survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). "Specific facts are unnecessary, but the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 832 (7th Cir. 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, a "plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusion." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (citation omitted). The Court reads the complaint and assesses its plausibility as a whole. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

## **DISCUSSION**

In moving to dismiss the Second Amended Complaint, Defendants argue "that [Gillon] has not plead enough facts that allow a court to reasonably draw the inference that Defendants are liable for racial discrimination." (Dkt. 45) at 3. That is, Defendants argue that Gillon has not presented anything more than an "bare bones recitation of the claims' elements" that should not allow the case to proceed to discovery. (Dkt. 50) at 4.

### I.   Count I: Title VII Claim Against the Board

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion,

3

sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1). In order to state a claim for a violation of Title VII, Gillon must show the following elements: "(1) [s]he is member of a protected class; (2) [s]he was qualified for the applied for position; (3) [s]he suffered an adverse employment action; and (4) similarly situated persons not in the protected class were treated more favorably." *Martino v. W. & S. Fin. Grp.*, 715 F.3d 195, 202 (7th Cir. 2013) (citing *McGowan v. Deere & Co.*, 581 F.3d 575, 579 (7th Cir. 2009)). The Title VII pleading standard is, in fact, an "undemanding" one. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). Specifically, the "pleading standards in Title VII cases are, of course, different from the evidentiary burden a plaintiff must subsequently meet" at the summary judgment stage. *See Huri*, 804 F.3d at 834. What this means is that Gillon is not required to "plead a *prima facie* case because it an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema*, 534 U.S. 506, 210 (2002).

The Court previously held that Gillon had sufficiently alleged that she is African American, that she was qualified as a nurse, and that she suffered an adverse employment action by not being assigned Charge Nurse duties and being excluding from training that resulted in a loss of pay and promotional opportunities. (Dkt. 42) at 6. Where she fell short, however, was in connecting the alleged adverse employment action to her race. *Id.* As a result, Gillon filed her Second Amended Complaint, as relevant adding eight (sometimes duplicative) new allegations. In any event, the Second Amended Complaint alleges that "Defendants excluded Gillon due to her race in that similarly situated non-African Americans were not excluded from Charge Nurse duties, rotation and training and these nurses were similar to Gillon in attributes such as knowledge, experience and education." (Dkt. 43) at ¶ 14; *see also id.* at ¶ 23 (same allegation). She also alleges that she was the only nurse removed from the Charge Nurse rotation. *Id.* at ¶ 15; *see also id.* at ¶ 28 (same allegation).

4

Again, under prevailing federal notice-pleading standards, a plaintiff alleging employment discrimination need only allege the type of discrimination that he thinks occurred, by whom, and when. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010). Gillon has alleged these facts. "[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007). Accordingly, Gillon's Second Amended Complaint adequately alleges that the Board discriminated against her on account of her race. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (an allegation that states "quite generally," "I was turned down for a job because of my race" is sufficient to survive a Rule 12(b)(6) motion to dismiss); *see also Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013) ("a complaint alleging [race or gender] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [her race or gender]"). As a final point, Defendants' argument that Gillon cannot state a claim for race discrimination because the individual who currently serves as the Charge Nurse is African American is not appropriately considered at this stage. (Dkt. 45) at 4. Defendants' motion to dismiss Count I is denied.

## II. Count II: 42 U.S.C. § 1983 Claim Against Defendant Oikle

Plaintiff also brings a claim of discrimination under 42 U.S.C. § 1983 against Defendant Oikle in her individual capacity. Defendants argue, in a single sentence, that Count II should be dismissed on the same grounds they asserted in favor of dismissal of Count I. (Dkt. 45) at 5. But because the Court concludes that Gillon's Title VII claim against the Board is sufficiently pled, Defendants' duplicate arguments in favor of dismissal of Count II fail. *See Rodgers v. White*, 657 F.3d 511, 517 (7th Cir. 2011) (Title VII and § 1983 race discrimination employment claims are

analyzed under the same standards); *see also Lavalais*, 734 F.3d at 635. In the absence of any other grounds to dismiss Count II, it survives.

## CONCLUSION

For the reasons set forth above, the Court denies Defendants' Motion to Dismiss. (Dkt. 45). Gillon's claims will proceed to discovery.

                                                     _____
                                                     Hon. Virginia M. Kendall
                                                     United States District Judge

Date: July 30, 2018